v. McDonald v. McDonald v. McDonald v. McDonald v. McDonald Next case is Roberto Sanchez-Navarro for Assistant Secretary of Veterans Affairs 2015-7075. Ms. Simpson. Good morning, Your Honors. If it pleases the Court, the issue before the Court today is whether the Veterans Court erred in its interpretation of 38 CFR 3.304 F3. Isn't the question whether the case was final and therefore whether we have jurisdiction? Well, there are two issues, but to the extent that... Well, we don't get to the second issue if the case wasn't final. Understood, Your Honor. To the extent that the Court has jurisdiction, the appellant submits that it does. And we... As we argued in our brief, this Court remanded... Previously, on December 24, 2014, remanded this case back to the Veterans Court to make a specific decision as to whether the veterans in-service stressors were consistent with the place, time, and circumstances... In general, a remand by the Veterans Court to the Board is a non-final decision which is not reviewable by us. Why is this different? Well, the reason why it's different... First of all, to the extent that we have a clear and final legal decision, when the lower court remanded it to the Board, they made an interpretation of the law which will, if allowed to go forward with this remand to the Board, will have a substantial risk that the Board will move this issue. What is that substantial legal risk? The substantial legal risk is that the question on appeal today, whether this proviso is a question of law for the Court to decide or a question of fact for the VA to decide... What would prevent us from deciding that after a remand and a final judgment? If the case is remanded and it goes back to the Board, the legal question will be avoided altogether because the lower court, the Veterans Court, is telling the Board that it is a factual question under the law and the claim could also be decided to the Veterans detriment in the lower court. But if it's decided to the Veterans detriment and you appeal to the Veterans Court and you say, one, the Board decided this erroneously a matter of fact, and two, the Veterans Court should have decided this as a matter of law, and you lose, it's going to come back to us, isn't it? It could eventually come back. Then how does it decide a question of law that can't be raised later on appeal after final judgment? To the extent that the... I mean, it seems to me you're arguing that since it's a legal question, we should short-circuit the remand process and decide it now so you don't have to go through the remand, but we've rejected that argument on numerous occasions as meeting the Williams criteria. Haven't we? Well, in this case, the Veterans Court is telling the Board that the law is contrary to what this court instructed the Veterans Court to do. So there's also the question of... Even if that's the case, it's still a non-final order. I mean, the extent of what you're asking us is pretty remarkable. I mean, it would be that any time the court remands to the Board with an incorrect statement of law, you can immediately appeal, even if you could address that legal argument later on appeal. It may be that that legal argument becomes unnecessary because you win on remand. That's why we have this non-final order principle that it goes back to the Board and they may award you benefits. And then this appeal would have been obviated altogether. So to the extent that that's the case, there's also the question of whether the Veterans Court failed to comply with the mandate of this court. And that is a legal question that this court does have jurisdiction over. And to the extent that they did, the law requires strict compliance. But we still would have jurisdiction to hear that after final appeal, wouldn't we? The question of whether... Whether the court and the Board complied with our mandate. Procedurally, the question is right now. The remand would go back to the Board. A different decision presumably would be made. Then it would be appealed back to the Veterans Court. We're beyond the point in time when that issue is right for this court to address whether the mandate was complied with. To the extent that... Why? Because in this case, the court gave a very specific instruction to the Veterans Court, which was to make a decision as to whether the historical facts of time, place, and circumstance are consistent with the Veterans Claims Structure. So if after remand and again on final appeal, you determine that the Veterans Court didn't comply with our mandate and you make that argument to us, we can address it, can't we? Well, there's a second part of the mandate rule, which is that if there's no undecided issues before the Veterans Court, they don't have discretion to be remanding. This question of whether it was a question of law was already decided here at the Federal Circuit. The Federal Circuit said to the Veterans Court, you, Veterans Court, make this decision. You, Veterans Court, make this decision. It is a question of law for the Veterans Court to make. There were no other issues except the question of this 3.304F3. Even if you're right, I don't think you are, but even if you are, that's all reviewable after appeal, isn't it? After remand and final decision. The question of mandate is right for appeal today. I don't know why you're saying this word right. It's not whether it's right or not. It's whether it's a final decision or fits within the narrow Williams criteria suitable for a review. And that narrow non-final review criteria has to include the factor that it becomes unnecessary. It will essentially be overtaken after a remand, and that's not the case here. I mean, obviously if you win it is, but that's the case always if you win. I mean, are you saying that our mandate was so clear that it was an exceptional circumstance and an abuse of discretion for the Veterans Court to remand further? If so, that sounds awful like a mandamus petition, not a direct appeal that fits within the narrow Williams criteria. Your Honor, we're not arguing a mandamus petition. We are appealing. Are you arguing that the remand was frivolous? Under, yeah. It is unnecessary. The issue of the scope of the mandate is not open to doubt. That is our argument. And to the extent that the direction to the court is completely clear and there's no other issue to be decided, the court should not have remanded to the board for any decision as to the question of whether the veterans in service stressors are consistent with the place, time, and circumstances of service because that is a question of law, not a question of fact for the board to decide as the Veterans Court stated in their decision that is on appeal today. Ms. Simpson, in your remaining time, assuming we agree with you on jurisdiction, do you have a further point to make? Yes, Your Honor. Thank you. To the extent that when the court remanded to the board and said that it was a question of fact for the board to decide this question of the consistency with the place, time, and circumstances of the veterans in service stressors, the fact is it is a question of law that these issues are, as this court pointed out, the proviso is the first thing that has to be addressed when we're talking about PTSD claims under 3.304F3. So first, the legal question of whether the in-service stressors are consistent with the place, time, and circumstance of service, it deals with historical facts that are already established, as this court instructed in its prior decision. The historical facts are the place, time, and circumstance. Those are already established by the Veterans Service Record that he served from 1958 to 1959 in Korea in the Army along the- You're arguing that there's no fact issue involved here? There is not with regard to the question of place, time, and circumstance. There is not because the facts are already established. The court does not have to make the ultimate determination of whether the facts occurred, whether this event was true. They still have to make the determination that those historical facts show stressors consistent with the manner of his service, right? Actually, it's the other way around. What the court has to determine is whether the claimed stressors are consistent with the place, time, and circumstances. That's a factual determination, isn't it? How is that a legal determination? Because the facts are already established. The basic facts are established, but you still have to determine whether the history of his service is consistent with his stressors. Those are also established. His stressors are in the record. The connection between the two, just because all those are established doesn't mean the connection between the two is a legal conclusion. It's still a factual question, isn't it? I don't think that it is, Your Honor, because this is an element of the rule. This is an element that must be shown in order to... There are all kinds of rules that have factual elements. Yes, and there are more factual elements in this rule, but this is not one. What's your support for the notion that a connection between historical circumstances and the type of stressor is a legal question? Kaluza v. Brown, another case decided by the Veterans Court, where they found that it is a legal determination. Kaluza was a combat PTSD case which predates this section of the PTSD rule. In that case, it was decided under 38 U.S.C. 1154B. It's a similar determination. The court decided whether the combat stressors were consistent with the circumstances, conditions, or hardships of service. That's what the statute says, 1154B. In Kaluza... They said that was a legal determination? The Veterans Court made the legal determination in that case. They said that conclusion specifically was a legal conclusion. Well, they made the decision. They made the legal decision in Kaluza. What legal decision did they make? They found that the veterans stressors were consistent with the circumstances, conditions, or hardships of service. That wasn't determined by the board. It was determined by the court. Similarly, in this case, the regulation was developed in a similar pattern as this combat rule, which said circumstances, conditions, or hardships of service. Under 3.304F3, the court has to determine whether it's consistent with the places, types, and circumstances of service. After that, it has to go. Once the legal determination has been made, then it would have to be remanded back to the VA for a medical opinion to determine whether the stressors support the PTSD. Wait a minute. You're saying that even if the Veterans Court makes its legal determination, there still has to be a remand? How can this possibly be non-final under Williams, or final under Williams, because there still has to be a remand? Because it's not the jurisdiction of the VA to make the legal decision. This court specifically remanded for... It can't possibly be the case that you can get an intermediate appeal to correct a legal error when a remand is still necessary to establish a claim, your ultimate claim for benefits, when the remand may resolve that altogether by ruling in favor of the veteran. With respect to the specific legal question, the remand is not necessary and will circumvent this court's previous remand order. In our remand order, we specifically contemplated that a board would have to make some of the determinations here, right? The remand order specifically ordered the Veterans Court to make... Can I answer my question? Yes, Your Honor. The policy union contemplated stated specifically that the board would have to make some of these determinations, right? That's correct, Your Honor. Those that would be properly within the jurisdiction of the VA, the questions of fact. Ms. Simpson, you've just about exhausted your time. We'll give you two minutes for rebuttal. Thank you, Your Honor. We'll hear from Mr. Ashman. May it please the court. Your Honor, the Veterans Court decision was not a final decision that this court may review. In addition to the issue of whether or not this court would ultimately have the opportunity to review the legal issue of consistency, consistency being legal or factual, with which we agree that there would ultimately be an opportunity on appeal to review that. Did Calusa say it was a legal issue? Your Honor, we're not as familiar with Calusa, but we do not believe that that issue was actually determined, whether or not consistency is legal versus factual, if that specific issue was determined in Calusa. I think when you come to argue, you should read the cases they sign. Yes, Your Honor. Your Honor, the second point in Williams, the Williams criteria that we don't believe is met here, is that there is no adverse effect on Mr. Sanchez-Navarro through the remand order. And this is because Mr. Sanchez-Navarro can obtain complete relief from the court ultimately. There's no impediment to his claim being placed. There's no impediment being placed upon him in the advancement of his claim, Your Honor. And again, on appeal, he can appeal any adverse ruling from the board. And we think that this distinguishes the case that plaintiffs rely on, Adams v. Brunsippi. In that case, the court agreed to review that the remand was reviewable, because the veterans court, in that case, it dealt with the issue of had the secretary rebutted the presumption of soundness. And the board found, based on a doctor's opinion, that the secretary had rebutted the presumption of soundness. Now, that issue went to the veterans court, and the veterans court said, well, no, we think it's a little unclear what the doctor found. So the veterans court sent it back to the board to basically give the veteran a second bite of the apple in bolstering its rebuttal of the presumption of soundness. Here, it's actually the opposite. What the veterans court is saying is it's sending the case back to the board, but giving Mr. Sanchez-Namaro a further opportunity to develop the record on this issue of consistency. So in addition to, so we think that distinguishes this case from Adams, Your Honor, that actually this is beneficial to the veteran in this case to which he has the burden in this case in establishing service connection. Unless there's no other questions on the jurisdictional piece, Your Honor, on the issue of whether or not this is a factual matter versus a legal issue, consistency, the basic issue, the basic question before the veterans court or the board is, is there a service connection? And service connection under 3.303, that's a straightforward factual determination. Now consistency is a component of the broader service connection inquiry that has to be satisfied. And as the VA explained in its rulemaking when discussing what establishes consistency, it cites to the service connection regulation of 3.303, and then basically says these are historical facts that have to be found by looking at the service record, looking at the unit histories, that these are findings that have to be made. And we would also point out in the court's first decision in this case, the court also says that in contrast, and this is at page 1384 of the first decision, in contrast the proviso deals with historical facts, whether the claim stressor is consistent with the places, types, and circumstances of the veteran's services. So it's a factual inquiry that needs to be made by the board. And finally, we would also point out, Your Honor, that the board never actually made the record. The record was not developed under 3.303F3. As the court noted in its first decision, the court said the board and the veterans court considered this case under the introductory paragraph of 3.304F rather than under 3.304F3 and simply determined that the veteran's lay testimony was not credible. So when this case was first before the board, was first below, the record was not developed under the correct standard. So there isn't a record that was developed under 3.304F3. And unless Your Honor has any further questions, we respectfully request that the court dismiss this appeal for lack of jurisdiction or affirm the veterans court's opinion. Thank you, Mr. Ashman. Ms. Simpson has two minutes if you need them. Your Honor, briefly, I'd like to address the Secretary's contention that there were still factual determinations to be made under 3.303, the regulation that governs service connection. We agree that the facts to establish service connection for any claim, historical facts have to be established. But in this case, as the appellant has already submitted to the court, those historical facts are in the record. There is no further need. This is not a factual question. And when those historical facts are in the record, as they are here, the places, types, and circumstances are clear. The veteran was in Korea from 1958 to 1959 at the demilitarized zone. His military occupational specialty was a combat MOS. His record shows that he participated in guard duty along the DMZ. And all of those facts are established. His stressors, which the rule does define as claimed stressors, so the presumption goes to the veteran until or unless the VA shows otherwise that they aren't true, are in the record. So there's no further factual development that needs to be done with respect to the proviso that the court said that the Veterans Court needed to determine which is what. So if all these facts are established, as you say, and there still needs to be a remand to the board to take the final step of making the determination whether he's entitled to benefits, then what's your objection to the remand? I mean, you've now, however many months you've taken up with this appeal, delayed the ultimate remand that still has to happen anyway without any real effect on what's going to happen. Your Honor, I see that my time is almost up. May I answer? Please answer the question. The problem is that the board is now able to make a separate decision as to the factual basis for these stressors and the place, time, and circumstance of the veteran's service. That's already been done. It is redundant and it leaves open the opportunity for the board to make a finding against the veteran, whereas it is not a question of fact for the board. It is a legal question for the court to make. And with that, Your Honors, I would submit respectfully that we request the court to find that the proviso under 3.304F3 regarding the place, types, and circumstances of service as a question of the law for the veterans court to decide and to set aside the decision on appeal, remand for a decision consistent with. Thank you. Ms. Simpson will take the case under reprisal. Thank you.